UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEPHEN ANGLIN,

                              Plaintiff,

                                                    <u>DECISION AND ORDER</u>

                                                    07-CV-6471L

                v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.

_____

Pending before the Court is a motion brought on behalf of plaintiff, a prevailing party in this action for Social Security benefits, by his counsel, William J. McDonald. Specifically, counsel seeks an order awarding attorneys fees in the amount of $8,000.00, pursuant to 42 U.S.C. §406(b)(1). (Dkt. #7).

By Stipulation and Order dated and entered March 21, 2008 (Dkt. #6), this Court previously awarded McDonald attorney's fees under the Equal Access to Justice Act (EAJA), 28 USC §2412(d) in the amount of $1,130.00, plus $350.00 costs, for a total of $1,480.00. Pursuant to the terms of the Stipulation and Order, McDonald's application also requests that, in the event the instant application is granted, the Court order the payment of the $1,130.00 EAJA attorney fee award to plaintiff.

The Commissioner does not oppose plaintiff's motion. However, plaintiff has personally filed *pro se* opposition papers, contending that the requested fee is disproportionate to the results

achieved, and/or that McDonald delayed in submitting the application for fees, and thus committed perjury when he testified that the application was timely made.

Notwithstanding the plaintiff's objections, upon consideration of the relevant factors I find that the amount of the requested fee is reasonable, in light of the character of the representation, McDonald's expertise in Social Security law, the results achieved, and the absence of any proof that the underlying proceedings were subject to any delay by McDonald. *See Silliman v. Barnhart*, 421 F. Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005). In so holding, the Court recognizes the deference afforded to agreements between an attorney and client, the interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in an undeserved windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802, 122 S.Ct. 1817 (2002).

Plaintiff and his counsel entered in to a contingency fee agreement pursuant to which plaintiff agreed to pay his counsel 25% of any benefits awarded. The Court notes that the $8,000 requested by McDonald, if added to the $5,300.00 already received by him from the Social Security Administration ("SSA") as an attorney's fee for services performed at the administrative level, totals $13,300 – significantly less than 25% of the plaintiff's past due benefits, which totaled $66,087.00.

After pursuing an initial hearing, followed by an unfavorable determination and then an appeal, second hearing, and ultimately a favorable decision, plaintiff was awarded in excess of $66,000.00 for five years of past-due benefits, as well as continuing disability benefits for as long as he remains disabled up to age 65. Although the course of the proceedings took more than three years, that amount of time is not unusual in a case involving multiple hearings and/or an appeal.

Upon review of the docket and the record of the preceding events, I find no grounds to conclude that McDonald caused any unnecessary delay, or that the amount sought is unreasonable.

In objecting to the requested fee, plaintiff alleges that McDonald committed perjury when McDonald stated that certain SSA paperwork was delayed, thereby delaying his fee application. However, this contention appears to be purely speculative, and in any event, the statement in question relates to temporal minutia, and has no significant bearing upon any fact material to the Court's analysis of the fee application. Plaintiff's remaining objections, such as his suggestion that McDonald was only entitled to attorney fees if the "favorable decision" issued from this Court rather than the SSA, are contradicted by the clear terms of the contingency fee agreement, and are otherwise without merit.

Pursuant to the contingency fee agreement between plaintiff and McDonald, McDonald is therefore entitled to at the very least, the less-than-25% amount he has requested. The Commissioner has withheld the entire 25% from plaintiff's past-due benefits.

CONCLUSION

The motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Dkt. #7) in the amount of $8,000.00 is granted. The award is to be made payable to Mark M. McDonald, Esq., attorney for plaintiff. McDonald is ordered to refund to the plaintiff the amount of $1,130.00.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 23, 2010.